## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **CHAD FERNANDEZ**, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>**TAMPA BAY RAYS BASEBALL LTD.**, a Florida limited partnership,<br><br>       Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED AND INJUNCTIVE RELIEF SOUGHT** |

## CLASS ACTION COMPLAINT

Plaintiff Chad Fernandez ("Plaintiff"), individually and on behalf of all others similarly situated, complains and alleges as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action for statutory damages and other legal and equitable remedies resulting from the illegal actions of Defendant Tampa Bay Rays Baseball Ltd. ("Defendant") in transmitting advertising and telemarketing text messages to Plaintiff's cellular telephone and the cellular telephones of numerous others similarly situated using an automatic telephone dialing system ("ATDS") and without anyone's prior express written consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

## PARTIES

2.      Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Miami, Florida,

and the subscriber and user of the cellular telephone number (305) ***-2432 (the "2432 Number").

3.      Defendant is, and at all times relevant hereto was, a limited partnership organized under the laws of Florida and a "person" as defined by 47 U.S.C. § 153(39). Defendant's primary corporate headquarters are in St. Petersburg, Florida.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

5.      This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. § 227(b)(3).

6.      Defendant is subject to personal jurisdiction in Florida because it resides in, is permantly located in, and conducts substantial business in Florida.

7.      Defendant is additionally subject to personal jurisdiction in Florida because it initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing or advertising text messages into the state of Florida, via an ATDS and without the requisite prior express written consent, in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), the transmission of unsolicited advertising or telemarketing SMS text messages to the 2432 Number, which bears a (305) area code that specifically corresponds to locations in Florida.  Plaintiff received such messages while residing in and physically present in Florida.  Defendant's products or services advertised or marketed in such messages are similarly sold in Florida.

2

8.     Plaintiff's claims for violation of the TCPA against Defendant, and the resulting injuries caused to Plaintiff by Defendant's advertising and telemarketing messages, including the invasion of Plaintiff's privacy, arose in substantial part from Defendant's direction of those messages into Florida.

9.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's actions and omissions which gave rise to the claims asserted in this action occurred here.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

10.     To address consumer complaints regarding certain telemarketing practices, Congress enacted the TCPA, 47 U.S.C. § 227, in 1991.  The TCPA prohibits, *inter alia,* making any call, or sending any text message, to a wireless number via an ATDS absent an emergency or the prior express written consent of the party called.

11.     By enacting the TCPA, Congress made specific findings that "unrestricted marketing can be an intrusive invasion of privacy" and a "nuisance." Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 2, ¶¶ 5, 10, 12, 13, 105 Stat. 2394 (1991); *see also Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012). Through the TCPA, Congress sought to protect consumers from the unwanted intrusion and nuisance of unsoliciated telemarketing calls and advertisements. *See* Pub. L. 102-243, § 2, ¶ 12.

12.     According to findings by the Federal Communications Commission ("FCC"), which is vested with authority to issue regulations implementing the TCPA,

autodialed calls and texts are prohibited absent the requisite consent because such transmissions are a greater nuisance than live solicitation calls, and receiving and addressing such calls and texts can be costly and inconvenient. The FCC also recognizes that wireless customers are charged for such incoming calls and texts whether they pay in advance or after the minutes or texts are used.

13.     According to a recent study conducted by the Pew Research Center, "[s]pam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds - from coupons to phishing schemes - sent directly to user's cell phones." Indeed, one of the most prevalent bulk advertising and telemarketing methods employed by companies today involves the use of "Short Message Services" (or "SMS"), which is a system that allows for the transmission and receipt of short text messages to and from wireless telephones.

14.     SMS text messages are directed to a wireless device through a telephone number assigned to the device. When an SMS message is successfully transmitted, the recipient's wireless phone alerts the recipient that a message has been received. Because wireless telephones are physically carried by their owners, SMS text messages are received virtually anywhere in the world.

15.     Unlike more conventional advertisements, advertising and telemarketing SMS text messages can actually cost their recipients money. This is because wireless phone users must either pay their wireless service providers for each text message they receive or incur a usage allocation deduction to their text messaging or data plan, regardless of whether the message is even authorized or

wanted.

16.     In 2013, in response to growing concern over unwanted advertisements and telemarketing material being sent to consumers via SMS text message, the FCC updated its rules on consent to require that companies obtain the "**prior express written consent**" of the recipient before using an ATDS to make any call or send any SMS text message that contains "advertisements" or "telemarketing." *See* 47 C.F.R. 64.1200(f)(8).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

17.     Defendant  operates the Tampa Bay Rays Major League Baseball team in the Eastern Division of the American League.

18.     Defendant operates an advertisement and telemarketing campaign which involves sending unsolicited advertisement and telemarketing text messages to consumers' wireless telephones without first obtaining their prior express written consent.

19.     Defendant uses the short code 420-86 to operate its text message marketing campaign and messages from Defendant are sent from telephone short code number 420-86.

20.     On March 22, 2018, Defendant tramsmitted or caused to be transmitted the following text message to the 2432 Number:

> Opening Day is one week away!
> Get your tickets now and join
> the Rays for the start of the
> 2018 season. http://atmlb.com/2HTrLoi
> Text STOP to cancel

21.     On March 22, 2018, Defendant tramsmitted or caused to be transmitted the following text message to the 2432 Number:

> Happy Opening Day 2018! The
> Rays season begins today at
> 4:00pm as they take on the
> Boston Red Sox. Game info:
> https://bit.ly/ly2GXec8h Text
> STOP to cancel

22.     On April 27, 2018, Defendant tramsmitted or caused to be transmitted the following text message to the 2432 Number:

> Today only: $20-Press Level
> tickets for Blue Jays vs. Rays
> matchup on Saturday, May 5, at
> 6:10! https://atmlb.com/2qYO85D
> Text STOP to cancel

23.     On May 4, 2018, Defendant tramsmitted or caused to be transmitted the following text message to the 2432 Number:

> Today only, purchase $12–
> lower level tix for STAR WARS
> Night on Sat. 5/25 when the
> Rays host the O's at 4:10 pm
> https://atmlb.com/2rkJy0X Text
> STOP to cancel

24.     The messages described immediately above were received by Plaintiff on the 2432 Number from the short code 420-86.

25.     The 2432 Number is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227 (b)(1)(A)(iii).

26.     The complained of SMS text messages sent to the 2432 Number advertised the commercial availability of Major League Baseball tickets and game programming.

27.     The complained of SMS text messages sent to the 2432 Number constitute advertisements defined by 47 C.F.CR. § 64.1200(f)(1).

28.     The complained of SMS text messages sent to the 2432 Number were initiated for the purpose of encouraging the purchase of Major League Baseball tickets.

29.     The complained of SMS text messages sent to the 2432 Number constitute telemarketing defined by 47 C.F.R. § 64.1200(f)(12).

30.     The source of each of the unsolicited SMS text messages sent by Defendant to the 2432 Number was 420-86, which is an SMS short code owned or leased by or on behalf of Defendant or Defendant's agent(s) or affiliate(s), and is used for operating Defendant's text message campaign, including the sending of SMS text messages telemarketing and advertising various of Defendant's goods and services.

31.     All telephone contact by Defendant and/or affiliates, subsidiaries, or agents of Defendant to Plaintiff at the 2432 Number occurred via an ATDS ("automated telephone dialing system") as defined by 47 U.S.C. § 227(b)(1)(A) because the unsolicited telemarketing SMS text messages were sent from 420-86, which is a short code telephone number used to message consumers *en masse*, and because the hardware and software used by Defendant to send such messages have the capacity to store, produce, and dial either random or sequential numbers, and to dial such

numbers, *en masse*, in an automated fashion without human intervention. Further, the complained of SMS text messages were written in a generic and impersonal manner.

32.    The complained of SMS text messages sent to the 2432 Number did not constitute calls made for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33.    Defendant's SMS text messages invaded Plaintiff's privacy, intruded upon his seclusion and solitude, constituted a nuisance, and wasted his time by requiring him to delete the messages. Further, Defendant's SMS text messages caused Plaintiff to incur tangible harms such as loss of cell phone battery life and financial losses in requiring him to recharge his phone. Finally, Defendant's SMS text messages constituted a temporary electronic intrusion upon Plaintiff's cell phone.

34.    Plaintiff has no reason to believe, that absent a Court Order, that Defendant would voluntarily stop violating the TCPA.

## CLASS ACTION ALLEGATIONS

35.    Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to F.R.C.P. 23(b)(3).  The "Class" Plaintiff seeks to represent is comprised of and defined as:

> All persons within the United States who received an SMS text message, sent by or on behalf of Defendant or an affiliate, subsidiary, or agent of Defendant from the short-code telephone number 420-86.

36.     Excluded from the Class is the Defendant, any entity in which the Defendant has a controlling interest or which has a controlling interest of the Defendant, and any of Defendant's legal representatives, assigns or successors.  Also excluded is any judge presiding over this case and any member of any such judge's immediate family.  Members of the Class are referred to as "Class Members."

37.     Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

38.     Plaintiff and all Class Members have been impacted and harmed by the acts of Defendant and/or its agents, affiliates or subsidiaries.

39.     Plaintiff seeks injunctive relief and monetary damages on behalf of himself and the Class.

40.     This action may properly be brought and maintained as a class action pursuant to Fed. R. Civ. P. 23(b)(3). This class action satisfies the numerosity, typicality, adequacy, commonality, predominance and superiority requirements.

41.     Upon application by Plaintiff's counsel for certification of the Class, the Court may also be requested to utilize and certify subclasses in the interests of manageability, justice, and/or judicial economy.

42.     <u>Numerosity</u>. The number of persons within the Class is substantial, believed to amount to thousands of persons dispersed throughout the United States. It is therefore impracticable to join each member of the Class as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of f the Class renders joinder impracticable. Accordingly, utilization of the class action

mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

43.   _Typicality_. Plaintiff received from Defendant at least one SMS text message sent via an ATDS without providing his "prior express written consent" to receive "advertisement or "telemarketing" text messages via an "ATDS" within the meaning of the TCPA. Consequently, the claims of Plaintiff are typical of those of the other Class Members he seeks to represent, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class Members he seeks to represent. Plaintiff and all Class Members have been impacted by, and face continuing harm out of, Defendant's violations and/or misconduct as alleged herein.

44.   _Adequacy_. As Class representative, Plaintiff has no interests that are adverse to, or conflict with, the interests of the absent Class Members and is able to fairly and adequately represent and protect the interests of the Class Members. Plaintiff has raised viable claims of the type reasonably expected to be raised by the Class Members and will vigorously pursue those claims. If necessary, Plaintiff may seek leave to amend this Complaint to add additional representatives of the Class or assert additional claims.

45.   _Competency of Class Counsel_. Plaintiff has retained and is represented by experienced, qualified and competent counsel committed to prosecuting this action. These counsel are experienced in handling complex class action claims, including alleging violation of the TCPA.

46.   _Commonality and Predominance_. There are well defined common

questions of fact and law that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class Member to Class Member and may be determined without reference to the individual circumstances of any class member, include (but are not limited to) the following:

a. Whether Defendant and/or any of its affiliates, subsidiaries, or agents transmitted advertising or telemarketing SMS text messages to Class Members' cellular telephones;

b. Whether the SMS text messages transmitted by Defendant and/or any of its affiliates, subsidiaries, or agents were transmitted using an automatic telephone dialing system;

c. Whether Defendant and/or any of its affiliates, subsidiaries, or agents can prove they obtained prior express written consent (as defined by 47 C.F.R. 64.1200(f)(8)) to send the text messages complained of;

d. Whether the complained of conduct was knowing and/or willful;

e. Whether Defendant and/or any of its affiliates, subsidiaries, or agents should be enjoined from engaging in such conduct in the future.

47.   Superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class Members is impracticable. Even if Class Members could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts for individual litigation of numerous cases to proceed.

Individualized litigation also presents the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class Member. Plaintiff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the TCPA. The interest of Class Members in individually controlling the prosecution of separate claims is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the text messages at issue are all automated and the Class Members, by definition, did not provide the prior express written consent required under the statute to authorize such text messages to their cellular telephones. The Class Members can be readily located and notified of this class action through Defendant's records and, if necessary, the records of cellular telephone providers.

48.     Additionally, the prosecution of separate actions by individual Class Members may create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class Members to protect their interests. The

prosecution of individual actions by Class Members could further establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

49.    Defendant and/or any of its affiliates, subsidiaries, or agents have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate.

50.    Moreover, on information and belief, the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE TCPA (47 U.S.C. § 227)
*(On Behalf of Plaintiff and the Class Against Defendant)*

51.    Plaintiff incorporates by this reference paragraphs 1-50 of this Complaint as if fully stated herein.

52.    The foregoing acts and omissions constitute violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

53.    Because of the Defendant's  violations of 47 U.S.C. § 227, Plaintiff and all Class Members are entitled to, and seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

54.    Plaintiff and all Class Members are also entitled to, and seek, an award of $500.00 in statutory damages for each SMS message transmitted in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

55.    Plaintiff and Class Members also seek an award of attorneys' fees and

costs.

## SECOND CLAIM FOR RELIEF
## KNOWING AND/OR WILLFUL VIOLATION
## OF THE TCPA (47 U.S.C. § 227)
### *(On Behalf of Plaintiff and the Class Against Defendant)*

56.     Plaintiff incorporates by this reference paragraphs 1-50 of this Complaint as if fully stated herein.

57.     The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

58.     Because of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff and all Class Members are entitled to, and seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

59.     Plaintiff and all Class Members are also entitled to, and seek, treble damages of up to $1,500.00 for each SMS message transmitted in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

60.     Plaintiff and Class Members also seek an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

Plaintiff prays for relief and judgment in his favor, as follows:

A.     Injunctive relief prohibiting such violations of the TCPA in the future;

B.     As a result of the Defendant's violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages for each and every violative SMS text message;

C.      As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member treble damages, as provided by the statute, of up to $1,500.00 for each and every violative SMS text message;

D.      An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E.      An Order certifying this action to be a proper class action pursuant to Fed. R. Civ. P. 23, establishing appropriate Class and any additional subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing Plaintiff's counsel as counsel for the Class.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, on behalf of himself and the Class, hereby demands a jury trial on all issues so triable.

<u>September 7, 2018</u>                                     Respectfully submitted,

CAREY RODRIGUEZ MILIAN GONYA LLP

By: */s/ David P. Milian*
**David P. Milian** (Fla. Bar No. 844421)
Email: dmilian@careyrodriguez.com
Secondary: djuarez@careyrodriguez.com
**Ruben Conitzer** (Fla. Bar No. 100907) *
Email: rconitzer@careyrodriguez.com
Secondary: cperez@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475
***Counsel for Plaintiff Chad Fernandez***
*\* Pro Hac Vice or Admission Application Forthcoming*