UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHAD FERNANDEZ, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.　　　　　　　　　　　　　　　　Case No: 8:18-cv-02251-MSS-SPF

TAMPA BAY RAYS BASEBALL, LTD.,
a Florida limited partnership,

    Defendant.
_____/

## MOTION TO DISMISS

Defendant, Tampa Bay Rays Baseball Ltd. ("Tampa Bay Rays" or "Rays"), by and through its undersigned counsel, moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Introduction

Plaintiff has alleged two counts pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The Tampa Bay Rays believe that all of their text message recipients have consented to receive their texts, including Mr. Fernandez. These brief text messages provide news, updates, and promotions for Rays baseball fans. In the event that the recipient wishes to unsubscribe, the text itself allows any recipient to immediately cancel future text messages.

The Plaintiff in this case consented to receive texts from the Rays and made absolutely no effort to cancel or stop further texts. In addition, there is no plausible basis to infer that

unsolicited text messages have been sent to a putative "class." See *Scoma Chiropractic, P.A. v. Jackson Hewitt, Inc.*, 2017 WL 3149360 (M.D. Fla. July 25, 2017). The class action allegations consist of "rank speculation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556, 127 S. Ct. 1955 (2007). Accordingly, this case is wasting valuable judicial resources and should be dismissed.

Facts

Plaintiff alleges that he received several unsolicited text messages on his cell phone from the Tampa Bay Rays. These are very brief messages sent by the "Rays Alerts" program for fans who subscribe to the service. Mr. Fernandez failed to mention that he actually subscribed to the Rays Alerts program on March 4, 2018 with the "2432" telephone number alleged in the Complaint. Plaintiff also signed up for subscriptions with the Miami Marlins, the Philadelphia Phillies, and the San Francisco Giants. This reflects that Plaintiff is a real baseball fan who obviously wants to follow his teams. Plaintiff is in no position to complain about baseball related texts.

Having voluntarily consented to receive text messages from the Rays, Plaintiff's first text message was received on March 22, 2018. The message read as follows:

Opening Day is one week away!<br>
Get your tickets now and join<br>
the Rays for the start of the<br>
2018 season. http://atmlb.com/2HTrLoi<br>
Text STOP to cancel

Complaint at ¶20. This very brief message was clearly consistent with Plaintiff's subscription and desire to receive text messages about the Rays' schedule. In addition, the text allowed Plaintiff to "Text STOP to cancel" if he chose to do so. Modern smart phones have very simple interactive technology that allow users to cancel, stop, or unsubscribe simply by tapping the

2

screen and typing "STOP."  Plaintiff failed to take any action to delete this text or "STOP" future text messages.  Having taken no action to unsubscribe, Plaintiff alleges that he received several more messages to the same "2432" cell phone number.  These very brief messages informed Plaintiff of specific games and tickets.  Each individual message likewise contained the option to "STOP" and cancel all future messages.  Plaintiff chose not to cancel any of the messages or to unsubscribe, and accordingly continued to receive the brief texts that he now complains about.  Instead of literally lifting a finger when he received the initial text, Plaintiff chose to continue to receive the texts. This also shows conduct consistent with Plaintiff's subscription.

Finally, Plaintiff alleges that each and every recipient of an SMS text message from the Rays is a putative class member with a claim.  Complaint at ¶35. The class definition includes <u>all</u> recipients. It makes no distinction between recipients who have <u>consented</u> to receive text messages (such as Plaintiff himself) and putative recipients who have allegedly not consented.  There is not one shred of evidence alleged in the Complaint to support a plausible allegation that <u>anyone</u> has received text messages from the Rays without his or her consent.

<u>Legal Standard</u>

The purpose of a motion to dismiss is to test the legal sufficiency of Plaintiff's Complaint.  *Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, 2017 WL 3149360 (M.D. Fla. 2017); *Ward v. Casual Restaurant Concepts, Inc.*, 2011 WL 2600511 (M.D. Fla. June 29, 2011).  The Court may grant a motion to dismiss when the complaint fails to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  Dismissal is appropriate when the allegations fail to rise "above the speculative level." *Id*. A "formulaic recitation of the elements of a cause of action will not do."  *Ward*, *supra*, at *1, quoting *Twombly*; see *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Put another way, the plausibility

3

requirement demands more than "an unadorned, the-Defendant-unlawfully-harmed-me-accusation." *Iqbal* at 678. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive when it pleads facts that are merely consistent with liability and "stops short of the line between possibility and plausibility." Id. at 687. Plaintiff should not be allowed to file a boilerplate TCPA claim and assert individual or "class" action claims without specific allegations of plausible facts to support the allegations.

## Legal Argument

I. <u>Plaintiff Has Failed to Make Plausible Allegations of Fact to Support Individual Claims</u>.

Plaintiff's claims consist of boilerplate TCPA allegations. There is no allegation concerning what prompted the Rays to start sending text messages to the Plaintiff. Why would the Rays start sending text messages to the Plaintiff about specific baseball games unless Plaintiff signed up for the alerts? These texts are not generic messages for general consumption. They are tailored to Rays baseball fans who are likely to attend Rays games in the Tampa Bay area, or follow the team's schedule. There is no plausible reason to infer that such messages are sent to the public at large. Plaintiff's allegations of random unsolicited text messages are not plausible. Accordingly, the most plausible view of the allegations is that Plaintiff subscribed to the Rays alerts and failed to unsubscribe. As a result, Plaintiff's claims should be dismissed.

II. <u>Plaintiff Has Failed to Make Plausible Allegations of Fact to Support A Class Action</u>.

Plaintiff has made outlandish and unfounded allegations in an attempt to plead a class action. There is absolutely no plausible factual basis alleged to support such allegations. Courts in the Middle District require more than boilerplate language and conclusory class action allegations based on "information and belief." See *Scoma Chiropractic, P.A. v. Jackson Hewitt,*

*Inc.*, 2017 WL 3149360 at *3 (M. D. Fla. 2017).  In *Scoma*, the court dismissed the class action allegations because the complaint lacked "factual support for its allegations of years of unauthorized faxes sent to the putative class members." *Id.*  See *Hale v. Creditors Relief LLC*, 2018 WL 2539080 (D. N. J. June 4, 2018) (failure to allege facts to support class allegations).  In this case, there is absolutely no factual information in the Complaint to support the allegations of widespread unsolicited text messages.  As discussed earlier, the Rays' texts are sent to baseball fans who want to keep up with the team.  There is no reason to suspect that these text messages are sent randomly to members of the public. Moreover, there is no legal basis on which to infer that the mere receipt of a message constitutes a TCPA violation. The most plausible inference is that Rays' texts are sent to subscribers who are fans of the team.

Conclusion

As a result of Plaintiff's failure to make plausible allegations of individual or class action claims, Plaintiff's Complaint should be dismissed.

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Charles Wachter*
Joseph H. Varner, III
Florida Bar No. 394904
joe.varner@hklaw.com
Bradford D. Kimbro
Florida Bar No. 908002
brad.kimbro@hklaw.com
Charles Wachter
Florida Bar No. 509418
charles.wachter@hklaw.com
100 N. Tampa Street, Suite 4100
Tampa, FL  33602-3644
Tel: (813) 227-8500
Fax: (813) 229-0134

*Trial Counsel for Tampa Bay Rays Baseball Ltd.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 25, 2018, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system, which will transmit the foregoing document via email to all counsel of record.

*/s/ Charles Wachter*
Attorney
